# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

DATE 6/26/2015

**NOTICE OF APPEALS**
**ASSIGNMENT OF COURT OF APPEALS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

6/26/2015 8:54:56 AM

CHRISTOPHER A. PRINE
Clerk

**TO:** 1ST COURT OF APPEALS

**From:** **Deputy Clerk: MICHELLE LOPEZ**
**Chris Daniel, District Clerk**
**Harris County, T E X A S**

**CAUSE:** 2014-00393

**VOLUME** _____ **PAGE** _____ **OR** **IMAGE #** 64928055

**DUE** 8/4/2015 **ATTORNEY** 03371700

**NOTICE OF APPEAL HAS BEEN ASSIGNED TO THE** 1ST

**DATE JUDGMENT SIGNED:** 4/6/2015

**MOTION FOR NEW TRIAL DATE FILED** 5/6/2015

**REQUEST TRANSCRIPT DATE FILED** N/A

**NOTICE OF APPEAL DATE FILED** 6/23/2015

**NUMBER OF DAYS: ( CLERKS RECORD )** 120

**FILE ORDERED:** YES ☐ NO ☒ **IMAGED FILED:** YES ☒ NO ☐

**CODES FOR NOTICE OF APPEAL: BC, C, OA**

CHRIS DANIEL
Harris County, District Clerk

By: _/s/MICHELLE LOPEZ_
**MICHELLE LOPEZ, Deputy**

BC    NOTICE OF APPEAL FILED
BG    NOTICE OF APPEAL FILED – GOVERNMENT
C    JUDGMENT BEING APPEALED
D -    ACCELERATED APPEAL
OA    NO CLERK'S RECORD REQUEST FILED
O    CLERK'S RECORD REQUEST FILED (W/NOTICE OF APPEAL)
NA    AMENDED NOTICE OF APPEAL

CAUSE NO. 2014-00393

| | | |
|---|---|---|
| RICCI DANTE BIANCHI AND ALMA KHUBIEH<br>   *Plaintiff,* | § § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | HARRIS COUNTY, TEXAS |
| SYLVIA AGUILAR AND MIKE HASAN AZAYED,<br>   *Defendants.* | § § § | 80TH JUDICIAL DISTRICT |

## <u>NOTICE OF APPEAL</u>

Notice is hereby given, in accordance with the requirements of Texas Rule of Appellate Procedure 25.1, that Defendants, SYLVIA AGUILAR AND MIKE AZAYED, appeal, either to the First or the Fourteenth Court of Appeals, the judgment signed in this above-captioned case on April 6, 2015, and the denial of Defendants' motions for judgment notwithstanding the verdict and new trial denied on June 5, 2015.

As required by Local Rule 1.4 for both the First and Fourteenth Court of Appeals, Counsel for Appellants certifies that no related appeals or original proceedings have been filed in either the First or Fourteenth Court of Appeals.

Respectfully submitted,

BURFORD PERRY, LLP

_____

Robert R. Burford
State Bar No.: 03371700
Brent C. Perry
State Bar No.: 15799650
Matt E. Parks
State Bar No. 24083622
Ada I. Ferrer
State Bar No. 24068198
700 Louisiana Street, Ste 4545
Houston, Texas 77002

Ph: (713) 401-9790
Fx: (713) 993-7739
RBurford@BurfordPerry.com
BPerry@BurfordPerry.com
MParks@BurfordPerry.com
AFerrer@BurfordPerry.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that this Notice of Appeal was served on counsel of record in accordance with Rule 21(a) on this 23rd day of June, 2015.

*VIA EFILING AND/OR E-MAIL: Mehdi@cherkaouilawfirm.com*

Mehdi Mohammed Cherkaoui
1200 Smith Street, Suite 1600
Houston, Texas 77002

Ada I. Ferrer

2

3/27/2015 3:35:47 PM
Chris Daniel - District Clerk Harris County
Envelope No. 4678132
By: ALEX CASARES
Filed: 3/27/2015 3:35:47 PM

CAUSE NO. 2014-00393

| | | |
|---|---|---|
| RICCI DANTE BIANCHI | § | IN THE DISTRICT COURT OF |
| ALMA KHUBIEH | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | |
| **v.** | § | HARRIS COUNTY, TEXAS |
| | § | |
| SYLVIA AGUILAR | § | |
| MIKE HASAN AZAYED | § | |
| | § | |
| **Defendants.** | § | 80TH JUDICIAL DISTRICT |

## FINAL JUDGMENT

BE IT REMEMBERED that on the 10th day of March, 2015, came on for trial on the merits the above case at a regular term of this Court after said case was duly set for trial with due and proper notice to all parties, whereupon Plaintiffs Ricci Dante Bianchi and Alma Khubieh ("Plaintiffs") appeared with their attorney of record, and Defendants Mike Hasan Azayed and Sylvia Aguilar ("Defendants") appeared with their attorneys of record, and all parties announced ready for trial.

Thereafter, a panel of 12 duly qualified men and women were selected and sworn in as the Jury in this cause. Thereafter, the parties through their attorneys made their opening statements and Plaintiff presented its evidence. Then Plaintiffs rested their case.

Thereafter, Defendants presented their evidence, concluding on the 12th day of March, 2015, when the parties through their attorneys, announced in open Court that they had presented all their evidence and that they rested. Thereafter, the Court in consultation with the attorneys representing the parties prepared a written charge to submit the case to the Jury. The parties through their attorneys were allowed to examine the charge and were provided with the opportunity to make objections to it.

Thereafter, on the 12th day of March, 2015, the Court read its written charge to the Jury. Thereafter, the parties through their attorneys were allowed to present final argument to the Jury. Thereafter, the Jury then retired to deliberate the verdict.

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

On the 12th day of March, 2015, the Jury returned to open Court and announced through its presiding juror that the jurors had reached a **unanimous** verdict. The verdict was read aloud in open Court in the presence of the Jury and the attorneys representing the parties.

Thereafter, the Court determined that no party through their attorneys had any objection to the receipt of the verdict. The Court then received the verdict to be filed among the papers of the cause and discharged the Jury. The questions submitted to the jury and the jury's findings were filed with the clerk of this Court.

WHEREFORE, the Court, having considered the contents of its file, including but not limited to all pleadings, motions, discovery, stipulations, and admissions, as well as the arguments of counsel, the evidence presented at trial, the verdict of the jury rendered on the 12th day of March, 2015, all of which are incorporated herein by reference, now renders and enters Final Judgment in favor of Plaintiffs.

It is therefore **ORDERED, ADJUDGED** and **DECREED** that Plaintiffs Ricci Dante Bianchi and Alma Khubieh are awarded Final Judgment and shall recover from Defendants Mike Hasan Azayed and Sylvia Aguilar, jointly and severally, the sum of the following:

a) $486,000.00 (Four Hundred and Eighty-Six Thousand Dollars) for loss of value of ownership stake due to breach of contract, PLUS;

b) $284,000.00 (Two Hundred and Eighty-Four Thousand Dollars) for loss of profit due to breach of contract, fraud and conversion, PLUS;

c) $35,789.00 (Thirty-Five Thousand Seven Hundred Eighty-Nine Dollars) as Plaintiff's reasonable and necessary attorney's fees for preparation and trial.

The total Sum of damages in accordance with the verdict of the jury that Plaintiffs shall recover from Defendants, jointly and severally, is **$805,789.00 (Eight Hundred and Five Thousand Seven Hundred Eighty-Nine Dollars).**

The Court further ORDERS that if Defendants unsuccessfully appeals this judgment to an intermediate court of appeals, Plaintiff will additionally recover from Defendant the amount of $17,000.00 (Seventeen Thousand Dollars), representing the

anticipated reasonably and necessary fees and expenses that would be incurred by Plaintiff in defending the appeal.

It is further ORDERED, ADJUDGED and DECREED that the judgment here rendered shall bear interest at the rate of 5% from the date of signing of the judgment until paid.

It is further ORDERED, ADJUDGED and DECREED that Plaintiff shall have all writs of execution and other process necessary to enforce this judgment.

All costs of court expended or incurred in this cause are adjudged against the Defendants.

This judgment finally disposes of all parties and all claims and is appealable.

The Court orders execution to issue for this judgment.

SIGNED this __6th__ day of April, 2015.

THE HONORABLE LARRY WEIMAN

Approved as submitted:

/s/ Mehdi Cherkaoui

Mehdi Cherkaoui
Texas Bar No. 24086077
Cherkaoui & Associates P.L.L.C.
1200 Smith Street Suite 1600
Houston, TX 77002
Phone: 281-946-9466
Fax: 877-282-7874
Mehdi@cherkaouilawfirm.com

**Attorney for Plaintiffs**

Approved as to form only

Robert Burford
TX Bar 03371700
1001 Texas Avenue 11th Floor
Houston, TX 77002
Ph: 713-222-6400
Fax 713-222-7240
Robert@fkblawfirm.com

**Attorney for Defendants**

CAUSE NO. 2014-00393

| | | |
|---|---|---|
| RICCI DANTE BIANCHI AND ALMA KHUBIEH | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| SYLVIA AGUILAR AND MIKE HASAN AZAYED, | § | |
| *Defendants*. | § | 80TH JUDICIAL DISTRICT |

## DEFENDANTS' MOTION FOR NEW TRIAL

Defendants, Sylvia Aguilar and Mike Azayed, file this motion for new trial[1] pursuant to Rule 320 of the Texas Rules of Civil Procedure, and in support thereof respectfully show the Court as follows:

## BACKGROUND

Plaintiffs brought suit against the Defendants in January 2014 alleging breach of contract, fraud, and conversion in connection with Defendants' alleged breach of a "partnership" agreement involving the Little Napoli restaurant, now located at 540 Texas Avenue, Houston, Texas. Plaintiffs claim that an oral agreement existed to make Ricci Bianchi a partner in the Little Napoli restaurant in exchange for an investment of $150,000, and that they paid the required investment amount by sending checks and arranging through family members to funnel

---

[1] Defendants are also contemporaneously filing a motion for judgment notwithstanding the verdict, which addresses many of the same legal and factual issues raised in this motion for new trial. To guard against omission and preserve all legal and factual grounds raised in both motions for purposes of appeal, Defendants expressly incorporate by reference all legal and factual arguments set forth in that motion as if there were set forth at length herein.

cash payments in Syria to Yousuf Naisah, the father of Mike Azayed's former business partner, Frank Brown.[2]

Trial of the merits in this case began on March 10, 2015. The jury returned a verdict on March 12, 2015, and the Court signed a judgment in favor of the Plaintiffs on April 6, 2015.

## APPLICABLE LEGAL STANDARDS

**1. Motion for New Trial Necessary to Preserve Complaints Regarding Factual Sufficiency, Awards of Excessive Damages, and Legal Insufficiency.**

A motion for new trial is necessary to preserve a party's complaint that a jury finding is not supported by factually sufficient evidence, or is against the overwhelming weight of the evidence. Tex. R. Civ. P. 324(b)(2), (3); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 281 (Tex. 1994). A motion for new trial is also necessary to preserve the complaint that the damages awarded by the jury are excessive. Tex. R. Civ. P. 324(b)(4).

Additionally, a legal insufficiency or "no evidence" challenge on an issue submitted to the jury is properly raised in a motion for new trial, which preserves the "no evidence" challenge as grounds for appeal. *Battaglia v. Alexander*, 177 S.W.3d 893, 899 (Tex. 2005).

**2. Factual Sufficiency of Evidence.**

The party without the burden of proof at trial is entitled to a new trial on a showing that the jury's finding is ***against the great weight*** and preponderance of the evidence so as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 175 (Tex. 1986) (per curiam).

**3. Excessive Damages Awarded.**

The party challenging the amount of damages awarded by the jury is entitled to a new trial if the damages are manifestly too large. Tex. R. Civ. P. 320. In determining whether the

---

[2] "Frank Brown" is also referred to in trial testimony as Ramah Nusieh.

2

damages awarded are excessive, the court must consider the evidence under the same standard for factual insufficiency. *Pope v. Moore*, 711 S.W.2d 622, 624 (Tex. 1986); *DeNucci v. Matthews*, No. 03-11-00680-CV, 2015 WL 1882469, at *9 (Tex. App.—Austin Apr. 23, 2015, no pet. h.). The motion for new trial must be granted if the evidence in support of the jury's damage award is against the great weight and preponderance of the evidence so as to be manifestly unjust. *See DeNucci*, 2015 WL 1882469, at *9 (discussing standard for factual sufficiency review of damages award on appeal). When the damages awarded are not supported by factually sufficient evidence, the trial court can suggest a remittitur to Plaintiffs as an alternative to granting the motion for new trial. *Pope*, 711 S.W.2d at 624; *Gainsco Cnty. Mut. Ins. Co. v. Martinez*, 27 S.W.3d 97, 108 (Tex. App.—San Antonio 2000, pet. granted, judgm't vacated w.r.m.)

### 4. Legal Insufficiency of Evidence.

The evidence is legally insufficient to support the jury's finding "when (1) there is a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact." *Katy Int'l, Inc. v. Jiang*, 451 S.W.3d 74, 82 (Tex. App.—Houston [14th Dist.] 2014, no pet. h.).

### POINTS OF ERROR

1. **The evidence of the value of the Little Napoli/Houston Wine Center business is no evidence or is legally and factually insufficient evidence.**

The owner of a business is permitted to testify as to its value, but only if he or she has a demonstrable basis of knowledge of the value of the business. *Ramex Constr. Co. v. Tamcon Servs., Inc.*, 29 S.W.3d 135, 138 (Tex. App.—Houston [14th Dist.] 2000, no pet.). Bianchi's

3

testimony clearly does not establish his knowledge of business valuation by any accepted standard. He stated that the value of a restaurant is twice its profits, without providing any testimony (1) establishing his expertise in business valuation,[3] (2) substantiating that his "profits times two" calculation is an accepted standard, or (3) establishing that he had in fact estimated the profits for the business in a reasonable manner based on appropriate and reliable data. *See Merrell Dow Pharms. v. Havner*, 953 S.W.2d 706, 712 (Tex. 1997) (noting that "[t]he underlying data should be independently evaluated in determining if the opinion itself is reliable"); *see also, e.g., Guadalupe-Blanco River Auth. v. Kraft*, 77 S.W.3d 805, 808 (Tex. 2002) (rejecting appraisal of market value in part because expert did not establish he was using appropriate valuation method, and his "bald assurance" that his methodology was widely accepted was insufficient to demonstrate reliability). Indeed, the evidence supporting Bianchi's estimation of lost profits is particularly lacking, and cannot support the jury finding in this case. Any estimation of lost profits "must be shown by competent evidence with reasonable certainty" and "at a minimum, must be based on objective facts, figures, or data from which the amount of lost profits can be ascertained." *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 84 (Tex. 1992); *see also Natural Gas Pipeline Co. v. Justiss*, 397 S.W.3d 150, 157 (Tex. 2012) (stating that "a business owner's conclusory or speculative testimony of lost profits will not support a judgment"). The failure to make this showing of objective reliability renders Bianchi's testimony speculative and conclusory on its face such that "a party may challenge the legal

---

[3] Bianchi's testimony does not indicate he has any expertise or experience with business valuation. He testified that he has one year of college, without any indication that he took any courses pertinent to this subject. RR Vol. 3, p. 16. Beyond that, Bianchi testified generally to being in the "restaurant business" since 2001, without indicating any basis for claiming any expertise in valuation of restaurants or other businesses generally. RR Vol. 2, p. 89.

4

sufficiency of [this] evidence even in the absence of any objection to its admissibility." *Coastal Transp. Co. v. Crown Central Petroleum Corp.*, 136 S.W.3d 227, 233 (Tex. 2004); *see also City of San Antonio v. Pollock*, 284 S.W.3d 809, 818 (Tex. 2009) (noting that no objection to scientific opinion testimony is necessary "if no basis for the opinion is offered, or the basis offered provides no support, [because] the opinion is merely a conclusory statement and cannot be considered probative evidence").

Bianchi failed to provide any basis for his estimate regarding lost profits beyond his naked selective reliance on an unaudited 2012 income statement.[4] RR Vol. 2, pp. 72-75. Bianchi does not indicate that he made any effort to explain his reliance on the financial information contained in that statement, even though it is radically contradicted by the information regarding Little Napoli included in the 2011, 2012, and 2013 income tax returns for the business. While the incomplete financial statement relied upon by Bianchi shows net income of $296,314.24, Little Napoli's federal income tax return for 2012 sharply contradicts this, stating that the ordinary business income for Little Napoli in 2012 was only $41,328.[5] Bianchi's testimony is thus demonstrably unreliable because he makes no effort to explain his reliance on it to the exclusion of other more reliable, complete, and contradictory sources of information. Thus, his testimony is legally and factually insufficient to support the judgment.

---

[4] The income statement was marked as Plaintiff's Exhibit 13, and bears the qualification at the bottom of the page that it is "For Management Purposes Only." Further, the 2012 statement fails to include key expenses such as $145,683 in rent for the business, thus illustrating that it is incomplete.

[5] Little Napoli's 2013 income tax return was repeatedly referred to in the record and shown to the jury. It was not separately marked as an exhibit, but was referred to and used by Plaintiff's counsel during his examination. RR. Vol. 4, p. 71. The 2013 tax return likewise showed materially less profit of only $104,553.

Additionally, Bianchi does not justify his exclusion from his valuation of the significant financial blows suffered by the business, including roughly $422,000 in judgments for breaking the lease at the 1001 Texas Avenue location and the unauthorized showing of a boxing match broadcast by DirecTV at the 6445 Westheimer location. RR Vol. 3 at 160-62. Testimony that does not take into account expenses of the business is insufficient to establish the amount of lost profits. *See, e.g., South Plains Switching, Ltd. v. BNSF Ry. Co.*, 255 S.W.3d 690, 696 (Tex. App.—Amarillo 2008, pet. denied). In addition, his calculation fails to recognize more than $300,000 in debts of the company. Accordingly, Bianchi's testimony regarding his estimation of lost profits, which makes no effort to account for these debts, is incomplete and inherently unreliable, and is therefore both legally and factually insufficient to support a judgment. *See also Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 85 (Tex. 1992) (holding that regardless of method selected, "[r]ecovery of lost profit must be predicated on one complete calculation").

2. **The damages awarded by the jury are manifestly too large — both lost profits and a buyout are improper.**

In their answer to Question 5, the jury awarded damages to Plaintiffs in this case to compensate them for the loss of their purported ownership interest in the Little Napoli/Houston Wine Cellar restaurant as of December 8, 2013, and then awarded an ***additional amount*** as damages for lost profits for the period from December 2013 through the date of trial. However, an award of damages to the Plaintiffs based on deprivation of their ownership interest as of December 2013 wholly compensates the Plaintiffs for the alleged loss of interest in the business. Thus, awarding an additional amount as "lost" profits, after what factually and legally amounts to a forced buyout,[6] provides the Plaintiffs with an improper double recovery in violation of the

---

[6] To the extent that the judgment in this case equates to a forced buyout, the buyout of a shareholder as a remedy for oppressive actions is no longer recognized under Texas law in the

one-satisfaction rule. *See Waite Hill Servs., Inc. v. World Class Metal Works, Inc.*, 959 S.W.2d 182, 184 (Tex. 1998) (stating that "a double recovery exists when plaintiff obtains more than one recovery for the same injury"); *see also Sharifi v. Steen Automotive, LLC*, 370 S.W.3d 126, 152 (Tex. App.—Dallas 2012, no pet.) (holding that "a plaintiff who has two inconsistent remedies must elect between them"). In light of this, the Court should either order a new trial on the issue of damages, or alternatively reform the judgment to effect an election of remedies. *Tyre v. Yawn*, No. 01-08-00914-CV, 2011 WL 662957, at *8 (Tex. App.—Houston [1st Dist.] Feb. 17, 2011, no pet.) (mem. op.) (discussing reformation of judgment as appropriate method for effecting election of remedies to avoid violation of one-satisfaction rule, citing *Star Houston, Inc. v. Shevack*, 886 S.W.2d 414, 423 (Tex. App.—Houston [1st Dist.] 1994), *writ denied*, 907 S.W.2d 452 (Tex. 1995)).

### 3. The evidence is legally and factually insufficient to establish fraudulent inducement.

Plaintiffs have offered no legally or factually sufficient evidence that they were fraudulently induced to enter into the alleged agreement in 2009.[7] A promise to do an act in the future constitutes fraud only when made with no intention of performing the promise at the time the promise was made. *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998). Assuming for the sake of argument that Plaintiffs provided sufficient evidence to establish the terms of an agreement and their performance under that agreement, proof that the Defendants subsequently failed to perform under that

---

wake of *Ritchie v. Rupe*, 443 S.W.3d 856, 876-77 (Tex. 2014). Plaintiffs' relief should be limited solely to recovery of lost profits in light of this case.

agreement is not evidence of fraudulent inducement. *Id.* To prevail on a fraud claim, the Plaintiffs would additionally have to prove representations made by the Defendants with the intent of deceiving them into the agreement, coupled with no intention of performing under the agreement as represented. *Id.* Plaintiff admitted that he was fully paid for the period up to December 8, 2013. This is wholly inconsistent with fraudulent inducement.

Plaintiffs' testimony in this case does not identify any material misrepresentation made by the Defendants to the Plaintiffs, nor does it establish any present intent not to perform at the time the parties are alleged to have entered into the agreement. The fact that the relationship between Plaintiffs and Defendants soured in late 2013 is indisputable,[8] but the subsequent exclusion of Mr. Bianchi from the restaurant because of this conflict cannot in itself establish fraudulent intent on the part of the Defendants in early 2009, roughly five years before the events made the basis of this lawsuit.

Without more, Plaintiffs' evidence on this point is so weak that it cannot rise above the level of mere surmise or suspicion, and thus cannot constitute more than a mere scintilla of evidence on the issue of intent. *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (noting that "[l]ess than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact"). Alternatively, the overwhelming weight of evidence in this case establishes that Mr. Bianchi was excluded because of this falling out with Mr. Azayed, and not because of some long dormant intent to

_____

[7] Fraudulent inducement was the only fraud-based claim submitted to the jury in this case. The elements for fraudulent inducement and damages as compensation for that fraud set forth in Jury Questions 7 and 8.

[8] *See* RR Vol. 2, pp. 79-82 (Mr. Bianchi's testimony indicating that conflict between him and Mr. Azayed started in Summer 2013, culminating in a fight during December 2013).

perpetrate a fraud on Mr. Bianchi. Accordingly, the jury's finding on fraudulent inducement is grounds for a new trial because the evidence on this point is factually insufficient, and the finding is against the overwhelming weight of the evidence presented. *See Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406-07 (Tex. 1998) (stating that court considering factual sufficiency challenge must weigh all the evidence, and set aside the verdict when it is contrary to the overwhelming weight of the evidence such that the verdict is clearly wrong and unjust).

**4. The evidence is legally and factually insufficient to support a finding that any payment purportedly made to Frank Brown or his family in Syria was consideration received by Defendants under the alleged agreement.**

Plaintiffs offered no evidence, or alternately legally and/or factually insufficient evidence, to support the implied and necessary finding by the jury that Plaintiffs paid the agreed amount of consideration for an ownership interest in Little Napoli. *See WCW Int'l, Inc. v. Broussard*, No. 14-12-00940-CV, 2014 WL 2700892, at *16 (Tex. App.—Houston [14th Dist.] Mar. 4, 2014, pet. denied) (substitute mem. op.) (noting that "[p]erformance of any condition precedent is an essential element of the plaintiff's case"); *Cheung-Loon, LLC v. Cergon, Inc.*, 392 S.W.3d 738, 744 (Tex. App.—Dallas 2012, no pet.) (recognizing that party claiming breach of contract has burden of showing that all conditions precedent to recovery under contract were satisfied). Regardless of whether Plaintiffs' evidence is sufficient to establish that payments were made to Frank Brown's father and/or cash was transferred to Frank Brown or his family in Syria, nothing in Plaintiffs' testimony establishes that any of these payments were made pursuant to any modification of contractual terms, consent, or ratification by the Defendants of these payments as consideration under the terms of the alleged original agreement.[9]

---

[9] Indeed, the only testimony on this point is exceedingly difficult to tease apart and, at best, equivocal:

9

## 5. The evidence is legally and factually insufficient to support any award of tort damages by virtue of the economic loss rule.

The damages alleged by Plaintiffs in this action sound solely in contract, as they are based solely on Defendants' alleged breach of an ownership agreement for the Little Napoli restaurant. They presented no evidence at trial to support any finding of fraud, and their damages are limited to purely economic loss of the subject of the alleged agreement regarding the Little Napoli restaurant. Accordingly, the evidence is legally and factually insufficient to support any award of tort damages,[10] because the only proof of any injury offered by the

---

Q. Okay. That's good. But was Mr. Azayed a party to that transaction?

A. Yes, sir.

Q. He was there?

A. Yes, sir. Where in Syria? It was me and Mike and Roumah when we did the transaction and he gave the contract between Roumah and Mike, Roumah, he give it to him after he got paid. After he's paid he said that's it, I'm out, now you and Ricci. We did this one after that, me and Mike and Nizar. So if Mike, he doesn't know like what I paid, he's not going to be agreed to, but now he's lying. So this what I want to tell you, I have witnesses but I don't want to bring them over. One who's a victim, because he worked with him like for six months, after that he kick him out, he promise him to be a manager and I take care of it. But after that he ask them for money, nobody pay me, so I told Mike, I don't want to be that 40, I want to get back to my 50 percent because Nizar doesn't' bring payment. We went back again, we did the LLC with Omar Omar. This is the real story, this is what happened.

THE COURT: Sir, we've gone way past the answer, so let's wait for another question, please.

RR Vol. 4, pp. 118-19.

[10] Additionally, the tort claims submitted to the jury seek recovery of the same damages as the breach of contract claim, *i.e.*, damages for the loss of ownership interest in the Little Napoli

Plaintiffs pertains to the subject matter of the alleged agreement with the Defendants regarding the Little Napoli restaurant. *See Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991) (stating that when defendant's conduct "give[s] rise to liability only because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract" and "[w]hen the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract"); *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986) (holding that "[w]hen the injury is only the economic loss to the subject of a contract itself the action sounds in contract alone). The Court should disregard damages for fraud or conversion.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants Sylvia Aguilar and Mike Azayed respectfully request that the Court grant their motion for new trial and set aside the judgment signed on April 6, 2015. Plaintiffs additionally ask the Court to grant such other and further relief as to which they may be justly entitled.

---

restaurant and lost profits. Allowing these claims to stand would also violate the one-satisfaction rule discussed above.

11

Respectfully submitted,

**FAUBUS KELLER & BURFORD, LLP**

*/s/ Robert R. Burford*

_____

Robert R. Burford
State Bar No.: 03371700
Ada I. Ferrer
State Bar No.: 24068198
Matthew E. Parks
State Bar No.: 24083622
1001 Texas Avenue, 11th Floor
Houston, Texas 77002
Telephone: (713) 222-6400
Facsimile: (713) 222-7240
Robert@faubuskeller.com
Ada@faubuskeller.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that the above referenced Motion to Substitute Counsel was forwarded to counsel of record in accordance with Rule 21(a) on this 6th day of May, 2015.

*VIA EFILING AND/OR E-MAIL:* Mehdi@cherkaouilawfirm.com

Mehdi Mohammed Cherkaoui
1200 Smith Street, Suite 1600
Houston, Texas 77002

*/s/ Robert R. Burford*

_____

Robert R. Burford

12

```
JUC8H (NR4#)    JUSTICE INFORMATION MANAGEMENT SYSTEM    JUN 26, 2015(C1)
INT6510                CIVIL CASE INTAKE               OPT: _____ - INT
                    GENERAL PARTY INQUIRY              PAGE:  1 -    1

CASE NUM: 201400393__ PJN> __  TRANS NUM: _____ CURRENT COURT: 80  PUB? _
CASE TYPE: PARTNERSHIP                  CASE STATUS: CASE ON APPEAL
STYLE: BIANCHI, RICCI DANTE            VS AZAYED, MIKE HASAN
============================================================================
                    **** INACTIVE PARTIES ****
  PJN  PER/CONN COC  BAR       PERSON NAME              PTY   ASSOC. ATTY
  NUM   NUMBER                                          STAT
_    00004-0001 PLT 24086077 KHUBIEH, ALMA                   CHERKAOUI, ME
_    00003-0001 DEF 03371700 AGUILAR, SYLVIA                 BURFORD, ROBE
_    00003-0001 PAD 21665300 WILNER, JEFFREY L.
_    00002-0001 DEF 03371700 AZAYED, MIKE HASAN              BURFORD, ROBE
_    00002-0001 PAD 21665300 WILNER, JEFFREY L.
_    00001-0001 PLT 24086077 BIANCHI, RICCI DANTE            CHERKAOUI, ME


==> (6) CONNECTION(S) FOUND
1=ACTIVE     2=ATY. INQ.  3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.  7=BACKWARD   8=FORWARD     9=PTY. ADDR. 10=REFRESH   11=HELP
```